No. 107,311

In the Matter of STEPHEN R. ROBINSON, *Respondent*.

(279 P.3d 113)

Opinion filed June 29, 2012.

*Stanton A. Hazlett*, Disciplinary Administrator, argued the cause, and was on the formal complaint for the petitioner.

No appearance by respondent.

*Per Curiam*: This is an original proceeding in discipline filed by the office of the Disciplinary Administrator against the respondent, Stephen R. Robinson, of Lawrence, an attorney admitted to the practice of law in Kansas in 1986.

On September 20, 2010, the office of the Disciplinary Administrator filed a formal complaint against the respondent alleging violations of the Kansas Rules of Professional Conduct (KRPC). On November 8, 2010, respondent filed a motion to continue the formal hearing to allow him time to transfer his license to disabled inactive status but did not follow through with that transfer and failed to file an answer to the formal complaint.

On December 13, 2011, a hearing was held on the complaint before a panel of the Kansas Board for Discipline of Attorneys. Respondent was not personally present and was not represented by counsel. The hearing panel determined that respondent violated KRPC 1.15 (2011 Kan. Ct. R. Annot. 519) (safekeeping property) and 8.4(c) (2011 Kan. Ct. R. Annot. 618) (engaging in conduct involving misrepresentation). The panel made the following findings of fact and conclusions of law, with a recommendation for disbarment. This court agrees and orders disbarment.

"FINDINGS OF FACT

. . . .

"6.   On October 6, 2009, the Kansas Supreme Court suspended the Respondent from the practice of law in the State of Kansas for failing to fulfill the continuing legal education requirements and for failing to pay the noncompliance fee to the Kansas Continuing Legal Education Commission. The Respondent's license to practice law remains suspended.

"7.   In a letter dated April 23, 2010, the Respondent self-reported misconduct. The Respondent's letter provides:

'This is to memorialize our telephonic conversation Monday, April 19, at approximately 1 pm. As we discussed, I believe I have committed one or more ethical violations with regard to a transaction concerning one particular client. The facts are these: 1) the client gave me funds to file a patent prosecution document before the United States Patent and Trademark Office (USPTO); 2) the funds were intended to cover both my fee for doing the work and a USPTO filing fee associated with the official filing; 3) I commingled the funds by depositing them in my own personal account (I do not currently have either a professional or trust account); 4) I spent the funds for my personal use (a total of approximately $2,400); and 5) the document in question has not yet been filed with the USPTO.

'As we also discussed, before you and I had talked, that same day I had contacted the client and advised her of the facts in the preceding paragraph. She is a long-standing client and stated that she was not concerned about the funds and wanted the work to go forward (she was already aware that the document had not yet been filed with the USPTO). We made arrangements to begin preparing the document the weekend after next, *i.e.*, May 8-9. The document to be prepared is a highly technical patent matter and so will require a collaborative effort with the client. The amount of the governmental filing fee is $810. I will either reimburse the client for this amount or reach agreement for additional services for that amount. I will report to you when the document has been filed with the USPTO.

'I have decided to quit practicing law as soon as possible, with the exception of one client not previously mentioned. Concerning this client we have an understanding that he will maintain the official address of record (*i.e.*, I will no longer be receiving the official correspondence directly from the USPTO) and further that going forward all funds required for his legal matters will be handled by money orders or the like and only after any work product prepared by me has been completed and is ready for filing.

'In the meantime, I am contacting my other clients and advising them that I will refer them to another patent attorney, or if they insist, I will complete any outstanding work on one last document (if such is a pending requirement) in order to further the patent prosecution in a given case, provided the client will agree to the conditions recited in the previous paragraph.'

The Respondent failed to provide the Disciplinary Administrator with proof that he completed the document for which he was paid the $2,400.00. Additionally, the Respondent provided no additional information regarding the status of the representation of his remaining clients.

"8.   On May 24, 2010, Martin L. Miller, Special Investigator for the Office of the Disciplinary Administrator, spoke by telephone with the Respondent. Mr. Miller informed the Respondent that on October 6, 2009, his license had been suspended for failing to comply with the annual administrative requirements. The

Respondent indicated that he was previously unaware that his license to practice law had been suspended.

"9.     On September 20, 2010, the Disciplinary Administrator filed the Formal Complaint and Notice of Hearing, scheduling a formal hearing for November 17, 2010. The Disciplinary Administrator sent a copy of the Formal Complaint and Notice of Hearing to the Respondent at his last registered address by certified mail. Additionally, the Disciplinary Administrator sent a copy of the Formal Complaint and Notice of Hearing to the Respondent's current address.

"10.     On November 8, 2010, the Respondent filed a motion to continue the formal hearing to allow the Respondent time to transfer his license to disabled inactive status. The Hearing Panel granted the Respondent's motion and the hearing on the Formal Complaint was continued indefinitely. However, thereafter, the Respondent took no steps to transfer his license to disabled inactive status.

"11.     On November 18, 2011, the Disciplinary Administrator prepared an Amended Notice of Hearing, scheduling a formal hearing for December 13, 2011. The Disciplinary Administrator sent a copy of the Notice of Hearing to the Respondent at his last registered address by certified mail. Further, the Disciplinary Administrator sent a copy of the Amended Notice of Hearing to the Respondent at his current address.

"12.     On November 29, 2011, Mr. Miller spoke by telephone with the Respondent. The Respondent confirmed that he had received the Notice of Hearing and was aware of the December 13, 2011, hearing. The Respondent indicated that he wished to surrender his license to practice law.

"13.     Mr. Miller forwarded the necessary paperwork to allow the Respondent to surrender his license to practice law. However, the Respondent did not complete and return the surrender paperwork.

"14.     On December 12, 2011, Mr. Miller spoke by telephone with the Respondent again. The Respondent informed Mr. Miller that he would not be attending the hearing on the following day.

"15.     On December 13, 2011, the Respondent failed to appear at the hearing on the Formal Complaint and did not file an Answer to the Formal Complaint at any time.

## "CONCLUSIONS OF LAW

"16.     Based upon the findings of fact, the Hearing Panel concludes as a matter of law that the Respondent violated KRPC 1.15 and KRPC 8.4(c), as detailed below.

"17.     The Respondent failed to appear at the hearing on the Formal Complaint. It is appropriate to proceed to hearing when a Respondent fails to appear only if proper service was obtained. Kan. Sup. Ct. R. 215 governs service of process in disciplinary proceedings. That rule provides, in pertinent part as follows:

'(a)     Service upon the respondent of the formal complaint in any disciplinary proceeding shall be made by the Disciplinary Administrator, either by

personal service or by certified mail to the address shown on the attorney's most recent registration, or at his or her last known office address.

. . . .

'(c) Service by mailing under subsection (a) or (b) shall be deemed complete upon mailing whether or not the same is actually received.'

In this case, the Disciplinary Administrator complied with Kan. Sup. Ct. R. 215(a) by sending a copy of the Formal Complaint and the Amended Notice of Hearing, *via* certified United States mail, postage prepaid, to the address shown on the Respondent's most recent registration. Additionally, the Disciplinary Administrator sent a copy of the Formal Complaint and Amended Notice of Hearing to the Respondent's current address in Lawrence, Kansas. The Respondent received a copy of the Formal Complaint and acknowledged the hearing date. The Hearing Panel concludes that the Respondent was afforded the notice that the Kansas Supreme Court Rules require[s] and more.

"18. Lawyers must keep the property of their clients safe. *See* KRPC 1.15. In this case, the Respondent failed to properly safeguard his client's property when he deposited unearned attorney fees in the amount of $2,400.00 into his personal bank account and converted the unearned attorney's fees by spending the fees on personal expenses. Therefore, the Hearing Panel concludes that the Respondent violated KRPC 1.15.

"19. 'It is professional misconduct for a lawyer to . . . engage in conduct involving dishonesty, fraud, deceit or misrepresentation.' KRPC 8.4(c). The Respondent engaged in conduct that involved dishonesty when he converted $2,400.00 of client money to his own use. As such, the Hearing Panel concludes that the Respondent violated KRPC 8.4(c).

## "AMERICAN BAR ASSOCIATION
## "STANDARDS FOR IMPOSING LAWYER SANCTIONS

"20. In making this recommendation for discipline, the Hearing Panel considered the factors outlined by the American Bar Association in its Standards for Imposing Lawyer Sanctions (hereinafter 'Standards'). Pursuant to Standard 3, the factors to be considered are the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors.

"21. *Duty Violated*. The Respondent violated his duty to his client to properly safeguard his client's property.

"22. *Mental State*. The Respondent intentionally violated his duty.

"23. *Injury*. As a result of the Respondent's misconduct, the Respondent caused actual serious injury to his client.

"24. *Aggravating or Mitigating Factors*. Aggravating circumstances are any considerations or factors that may justify an increase in the degree of discipline to be imposed. In reaching its recommendation for discipline, the Hearing Panel, in this case, found the following aggravating factors present:

"25. *Dishonest or Selfish Motive.* Converting client property is dishonest and selfish. Accordingly, the Hearing Panel concludes that the Respondent's misconduct was motivated by dishonesty and selfishness.

"26. *Substantial Experience in the Practice of Law.* The Kansas Supreme Court admitted the Respondent to the practice of law in 1986. As such, the Respondent has substantial experience in the practice of law.

"27. Mitigating circumstances are any considerations or factors that may justify a reduction in the degree of discipline to be imposed. In reaching its recommendation for discipline, the Hearing Panel, in this case, found the following mitigating circumstance present:

"28. *Absence of a Prior Disciplinary Record.* Apparently, the Respondent has not previously been disciplined.

"29. In addition to the above-cited factors, the Hearing Panel has thoroughly examined and considered the following Standards:

'4.11 Disbarment is generally appropriate when a lawyer knowingly converts client property and causes injury or potential injury to a client.'

## "RECOMMENDATION

"30. The Disciplinary Administrator recommended that the Respondent be disbarred.

"31. Based upon the findings of fact, conclusions of law, and the Standards listed above, the Hearing Panel unanimously recommends that the Respondent be disbarred.

"32. Costs are assessed against the Respondent in an amount to be certified by the Office of the Disciplinary Administrator."

## DISCUSSION

In a disciplinary proceeding, this court considers the evidence, the findings of the disciplinary panel, and the arguments of the parties and determines whether violations of KRPC exist and, if they do, what discipline should be imposed. Attorney misconduct must be established by clear and convincing evidence. *In re Foster,* 292 Kan. 940, 945, 258 P.3d 375 (2011); see Supreme Court Rule 211(f) (2011 Kan. Ct. R. Annot. 334). Clear and convincing evidence is " 'evidence that causes the factfinder to believe that "the truth of the facts asserted is highly probable." ' " *In re Lober,* 288 Kan. 498, 505, 204 P.3d 610 (2009) (quoting *In re Dennis,* 286 Kan. 708, 725, 188 P.3d 1 [2008]).

In this case, respondent filed no exceptions to the panel's final hearing report. As such, the findings of fact are deemed admitted. Supreme Court Rule 212(c), (d) (2011 Kan. Ct. R. Annot. 352).

Respondent also was given adequate notice of the formal complaint, to which he failed to file an answer, and adequate notice of both the hearing before the panel and the hearing before this court. The evidence before the hearing panel establishes the charged misconduct of the respondent by clear and convincing evidence and supports the panel's conclusions of law. We therefore conclude the hearing panel's findings are supported by clear and convincing evidence and adopt the panel's findings and conclusions. The remaining issue is the appropriate discipline.

At the hearing before this court, the office of the Disciplinary Administrator recommended that respondent be disbarred. Respondent did not appear. Based on his failure to appear, as well as the hearing panel's findings and conclusions, this court agrees disbarment is the appropriate discipline.

CONCLUSION AND DISCIPLINE

IT IS THEREFORE ORDERED that Stephen R. Robinson be disbarred from the practice of law in the state of Kansas, effective on the filing of this opinion, in accordance with Supreme Court Rule 203(a)(1) (2011 Kan. Ct. R. Annot. 280).

IT IS FURTHER ORDERED that respondent shall comply with Supreme Court Rule 218 (2011 Kan. Ct. R. Annot. 379).

IT IS FURTHER ORDERED that the costs of these proceedings be assessed to respondent and that this opinion be published in the official Kansas Reports.